IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| RONALD and DIANE OZBUN, ) | Cause No. CV 11-32-BLG-RFC |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | **ORDER ON MOTION FOR** |
| ) | **SUMMARY JUDGMENT** |
| RITE-HITE CORPORATION, a ) | |
| Wisconsin Corporation, and ) | |
| RITE-HITE PRODUCTS ) | |
| CORPORATION, a Wisconsin ) | |
| Corporation, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Presently before the Court is the Defendants' Motion for Summary Judgment on Plaintiffs' strict liability claims.

**FACTUAL BACKGROUND**

In 2000, Defendant Rite-Hite installed a Dok-Lok Model LDL-500 at the warehouse docking facility at Western Sugar Cooperative facility in Billings, Montana. The purpose of the Dok-Lok was to safely secure a semi-trailer's rear

-1-

impact guard ("RIG") to the loading dock using the Dok-Lok vehicle restraining device.

In January 2008, Plaintiff Ron Ozbun was employed at the Western Sugar Cooperative facility in Billings, Montana. At that time, Plaintiff was working at the warehouse loading dock when a Wal-Mart semi-trailer entered the loading dock. As the semi-truck was backing toward the loading dock, Plaintiff attempted to engage the Dok-Lok system to the semi-trailer.

The Dok-Lok did not engage with Wal-Mart's RIG because the RIG was at a lower height than the Dok-Lok. Plaintiff attempted to adjust the Dok-Lok height by pushing it down with a broom handle. During this process, the broom handled slipped and Plaintiff lost his balance and fell between the semi-trailer and the loading dock while the semi-truck was backing up. Consequently, Plaintiff sustained serious long-term physical injury.

Plaintiffs' Complaint alleges claims of strict products liability, negligence, and loss of consortium.

## STANDARD OF REVIEW

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of

law." *Fed.R.Civ.P. 56(c)*. An issue is "genuine" only if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the nonmoving party and a dispute is "material" only if it could affect the outcome of the suit under the governing law. *Anderson, v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The party moving for summary judgment has the initial burden of showing the absence of a genuine issue of material fact. *Anderson*, 477 U.S. at 256-57. Once the moving party has done so, the burden shifts to the opposing party to set forth specific facts showing there is a genuine issue for trial. *In re Barboza*, 545 F.3d 702, 707 (9th Cir. 2008). The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists." *Id.*

On summary judgment, the evidence must be viewed in the light most favorable to the non-moving party. *Id.* The court should not weigh the evidence and determine the truth of the matter, but determine whether there is a genuine issue for trial. *Anderson,* 477 U.S. at 249.

## ANALYSIS

The Montana Supreme Court has adopted the theory of strict products liability set forth in Restatement (Second) of Torts § 402A. That Restatement states that "[o]ne who sells any product in a defective condition unreasonably dangerous to the user or consumer...is subject to liability for physical harm thereby caused to the ultimate user or consumer..." *Patch v. Hillerich & Bradsby Co.*, 257 P.3d 383, 387 (Mont. 2011).

To establish a prima facie case in strict product liability, a plaintiff must prove that: "(1) The product was in a defective condition, 'unreasonably' dangerous to the user or consumer; (2) The defect caused the accident and injuries complained of; and (3) The defect is traceable to the defendant." *Wood v. Old Trapper Taxi*, 952 P.2d 1375, 1379 (Mont. 1997) (quoting *Brown v. North Am. Mfg. Co.*, 576 P.2d 711, 717 (Mont. 1978)). See also *Sternhagen v. Dow Co.*, 935 P.2d 1139, 1143 (Mont. 1997).

A plaintiff may pursue strict products liability based on any or all theories of design defect, manufacturing defect or failure to warn. *Patch,* 257 P.3d at 386. Plaintiffs have pled all three products liability theories, alleging that the Dok-Lok was in a defective condition and unreasonably dangerous because of a design defect and manufacturing defect. Further, Plaintiffs allege that Defendants failed

to warn and/or inadequately warned of an injury-causing risk associated with the allegedly defective product such that the failure was a substantial contributing factor to Ronald Ozbun's injuries and resulting damages.

### 1. *DEFECTIVE DESIGN*

A defective design is one which 'presents an unreasonable risk of harm, notwithstanding that it was meticulously made according to [the] detailed plans and specification' of the manufacturer." *Rix v. General Motors Corp.*, 723 P.2d 195, 200 (Mont. 1986) (quoting *Caprara v. Chrysler Corp.*, 417 N.E.2d 545, 552-53 (N.Y. 1981)). As such, design defects involve products that "are made in precise conformity with the manufacturer's design but nevertheless result in injury to the user because the design itself was improper." *Id.*, 723 P.2d at 200.

A design is improper or "defective if at the time of manufacture an alternative designed product would have been safer than the original designed product and was both technologically feasible and a marketable reality." *Krueger v. General Motors Corp.*, 783 P.2d 1340, 1345 (Mont. 1989) (quoting *Rix,* 723 P.2d at 202) (emphasis omitted). This means that "evidence of alternative designs available prior to manufacture" are "not only relevant, but necessary" to a products liability claim. *Preston v. Montana Eighteenth Judicial Dist. Court,*

*Gallatin County*, 936 P.2d 814, 820 (Mont. 1997).

Plaintiffs' defective design claim alleges the Dok-Lok at issue utilizes an anti-seize lubrication spray that must be applied manually. Plaintiffs contend that this method is weak and inadequate for the purposes of industrial lubrication. Plaintiffs propose an internal lubrication system, like a grease fitting, as an appropriate alternative design. In addition, Plaintiffs refer to later models of docking systems by Defendants that incorporated this internal grease fitting design. Plaintiffs note that this internal grease fitting technology was in existence when Defendants designed the Dok-Lok at issue.

Defendants do not dispute that, as the manufacturer of the Dok-Lok, any alleged defect would be traceable to it. Rather, Defendants focus on the fact that since the time that the Dok-Lok had been installed, there had been extensive modifications to it such that it was no longer in substantially the same condition as when it left the manufacturer and was initially installed at Western Sugar's facility.

There are disputed issues of material fact for the jury regarding the lubrication system and summary judgment is not appropriate at this time. The jury will need to make a determination as to whether the design was improper. The jury will also need to consider whether an alternative designed product would have

been safer than the original designed product and whether that alternative designed product was both technologically feasible and a marketable reality.

### 2. FAILURE TO WARN

With regard to a failure to warn claim, "Montana law recognizes a manufacturer's liability for its failure to warn of a danger in its product as a separate and distinct theory of products liability." *Wise v. Ford Motor Co.*, 943 P.2d 1310, 1314 (1997). A failure to warn theory applies the same elements of strict liability in that Plaintiffs are required to prove that the product was in a defective condition, "unreasonably" dangerous to the user or consumer, that the defect caused the accident and injuries complaint of, and that the defect is traceable to the defendant. *Wood*, 952 P.2d at 1382 (citing *Riley v. American Honda Motor Co.*, 856 P.2d 196, 198 (1993)).

Under a failure to warn theory, a product that is otherwise without a defect may be rendered unreasonably dangerous if a manufacturer fails to warn of an injury-causing risk associated with the product. *Wise*, 943 P.2d at 1314. A product may be defective if purchasers and likely users have been misinformed or inadequately informed about either the risks or dangers involved in the use of the product or how to avoid or minimize the harmful consequences from such risks. *Streich v. Hilton-Davis*, 692 P.2d 440, 445(1984).

In the instant case, Plaintiffs allege that the Dok Lok failed to warn the user about the lubrication system and the issues related to the low RIG engagement. In addition, Plaintiffs contend that the Dok-Lok lacked a "No Step Warning" decal. Plaintiff Ozbun presents affidavit testimony that if Defendants had provided a "No Step Warning" decal on the Dok-Lok, he would have heeded it.

In response, Defendants contend that Plaintiffs' failure to warn claim fails because they have provided no expert testimony in support of their claim that the Dok-Lok was missing or contained an inadequate warning of risk of injury. Further, Defendants argue that a "No Step Warning" decal would have been irrelevant because Plaintiff Ozbun lost his balance and was injured when he used a wooden broom handle to push the carriage downward. Finally, Defendants refer to the owner's manual that warns of situations where the semi-trailer and the Dok-Lok do not engage, to secure the semi-trailer by other means.

The failure to warn claim is riddled with disputed issues of fact for the jury's consideration. The jury will make the determination as to whether Plaintiff was inadequately informed about either the risks or dangers involved in the use of the product or how to avoid or minimize the harmful consequences from such risks.

### 3.     *MANUFACTURING DEFECT*

Defendant also seeks summary judgment on Plaintiffs' products liability theory regarding manufacturing defect.  Like a products liability's design defect theory, the Montana Supreme Court has also adopted Restatement (Second) of Torts, § 402A as the applicable law with regard to strict liability under a manufacturing defect theory.  *Rix*, 723 P.2d at 201.  In a strict liability action under a manufacturing defect theory, the issue is whether the manufactured product left the factory in a flawed condition because it did not conform to original design specifications. *Id.*, 723 P.2d. at 202 (citing *Caprara*, 417 N.E.2d at 552).  Under a manufacturing defect theory one assumes that the design is safe and had the product been manufactured in accordance with the design, it would have been safe for consumer use.

Plaintiffs argue that the inverted slope extension on the Dok-Lok was wrongfully assembled when it left the manufacturer and was initially installed at Western Sugar's facility.  Defendants contend that the modification was made by Western Sugar and that this inversion substantially changed the product.  However, Western Sugar's mechanic testified that the Dok-Lok always had an inverted slope extension.

Consequently, there is a fact issue as to when the slope extension was inverted. There is also a genuine issue of material fact as to whether it was Defendant who assembled and inverted the slope extension.

## CONCLUSION

For the foregoing reasons, this Court finds that there are genuine issues of material fact that preclude the Court from granting summary judgment. IT IS HEREBY ORDERED that Defendants' Motion for Summary Judgment ( *Doc. # 22*) on Plaintiffs' Strict Products Liability claims is DENIED.

DATED this 29th day of August, 2012.

*/s/ Richard F. Cebull*
RICHARD F. CEBULL
CHIEF U.S. DISTRICT JUDGE